IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DO SOUVANARATANA,

    Petitioner,

v.                                                       Civil Action No. 3:16CV993–JAG

HAROLD W. CLARKE,

    Respondent.

## REPORT AND RECOMMENDATION

Do Souvanaratana, a Virginia probationer[1] proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED.

**A.    Procedural History and Souvanaratana's Claims**

Souvanaratana pled guilty in the Circuit Court of the County of Arlington, Virginia ("Circuit Court") to one count of Internet solicitation of a minor less than seven years younger and one count of attempted indecent liberties. (ECF No. 8–10, at 1.) On February 2, 2010, the Circuit Court entered judgment and sentenced Souvanaratana to ten years, with two years suspended, on the charge of Internet solicitation of a minor less than seven years younger. *Commonwealth v. Souvanaratana*, CR09–794, at 1 (Va. Cir. Ct. Feb. 2, 2010). The Circuit Court sentenced Souvanaratana to ten years, with two years suspended, on the charge of

---

[1] Souvanaratana was released from incarceration before he filed his § 2254 Petition. Souvanaratana's probation satisfies the "in custody" requirement for the purposes of federal habeas corpus. *See Bishop v. Cty. of Macon*, 484 F. App'x 753, 755 (4th Cir. 2012) (citing *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963)).

attempted indecent liberties. *Commonwealth v. Souvanaratana*, CR09-795, at 1 (Va. Cir. Ct. Feb. 2, 2010). The Circuit Court directed that the sentences be run concurrently. *Id.* at 2.

Souvanaratana appealed, arguing that the Circuit Court erred by sentencing him "without considering the sentencing guidelines where no guidelines were prepared in his case," and by "entering the sentencing order imposing a sentence of ten years incarceration, with two years suspended, for the violation of attempted indecent liberties." (ECF No. 8–1, at 1–2.) The Court of Appeals of Virginia noted that a conviction for attempted indecent liberties carries a maximum sentence of five years in prison. (*Id.* at 2.) The Court of Appeals of Virginia denied Souvanaratana's petition for appeal, but remanded the matter to the Circuit Court "for the limited purpose of correcting the conviction order for the attempted indecent liberties charge and modifying [Souvanaratana's] sentence accordingly." (*Id.* at 1–3.) On July 30, 2010, the Circuit Court entered an amended judgment, sentencing Souvanaratana to five years of incarceration for attempted indecent liberties. *Commonwealth v. Souvanaratana*, CR09-795, at 1 (Va. Cir. Ct. July 30, 2010). On May 25, 2011, the Supreme Court of Virginia refused Souvanaratana's petition for appeal. (ECF No. 8–5, at 1.)

On January 20, 2012, Souvanaratana filed a petition for a writ of habeas corpus in the Circuit Court. (ECF No. 8–6, at 1.) Souvanaratana raised the following claims in his petition:

    A.    The petitioner's attorney was ineffective for:
          1.    Failing to have sufficient contacts with [him] before his guilty plea;
          2.    Not informing him of his rights and the consequences of his plea;
          3.    Not appealing the petitioner's bail decision;
          4.    Not properly investigating his case;
          5.    Coercing his guilty plea;
          6.    Failing to advise him that he could not appeal if he pled guilty.
    B.    He was incompetent at his plea;
    C.    His due process rights were violated.

(ECF No. 8–7, at 1–2.) On July 1, 2015, the Circuit Court denied and dismissed Souvanaratana's petition. (*Id.* at 3.) Specifically, the Circuit Court concluded that Souvanaratana "pled guilty freely, voluntarily and knowingly and was not coerced to plead guilty by his attorney." (*Id.* at 2.) The Circuit Court also found that Souvanaratana had failed to demonstrate ineffective assistance, and that Claims B and C could have been raised at trial and on appeal. (*Id.*) On May 24, 2016, the Supreme Court of Virginia refused Souvanaratana's petition for appeal. (ECF No. 8–9, at 1.)

On December 21, 2016, Souvanaratana filed his § 2254 Petition in this Court. (§ 2254 Pet. 1.)² In his § 2254 Petition, Souvanaratana raises the following claims for relief:

| | |
|---|---|
| Claim One: | "Ineffective assistance of trial counsel where counsel failed to have sufficient contacts with Petitioner prior to his plea hearing, in violation of Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth Amendment of the Constitution of the United States." (*Id.* at 24.) |
| Claim Two: | "Ineffective assistance of trial counsel where counsel failed to inform Petitioner of his rights during the trial proceedings, and the consequences of his guilty plea, in violation of Petitioner's right to the effective assistance of counsel, as guaranteed by Sixth Amendment of the Constitution of the United States." (*Id.*) |
| Claim Three: | "Ineffective assistance of trial counsel where counsel failed to conduct an adequate pre-trial investigation, in violation of Petitioner's right to the effective assistance of counsel, as guaranteed by the Sixth Amendment of the Constitution of the United States." (*Id.*) |
| Claim Four: | "Ineffective assistance of trial counsel where counsel coerced Petitioner's plea of guilty, in violation of Petitioner's right to the effective assistance of counsel, as guaranteed by the Sixth Amendment of the Constitution of the United States." (*Id.*) |
| Claim Five: | "Ineffective assistance of trial counsel where counsel failed to present Petitioner's Craigslist.org advertisement, e-mails, and car |

---

² The Court employs the pagination assigned to Souvanaratana's submissions by the CM/ECF docketing system. The Court corrects the capitalization in quotations from Souvanaratana's submissions.

3

|              | impound form (Exhibits B, C, and D) to the trial court during the trial proceedings, in violation of Petitioner's right to the effective assistance of counsel, as guaranteed by the Sixth Amendment of the Constitution of the United States." (*Id.*) |
|---|---|
| Claim Six:   | "Ineffective assistance of trial counsel where counsel failed to object to the prosecution's version of events proffered to the trial court at the plea colloquy, in violation of Petitioner's right to the effective assistance of counsel, as guaranteed by the Sixth Amendment of the Constitution of the United States." (*Id.*) |
| Claim Seven: | "Fundamental miscarriage of justice ("gateway claim") where constitutional violations have resulted in Petitioner being convicted of charges for which he is actually innocent. As such, the procedural default of this claim, and Claims V, VI, and VIIII cannot be used to deny Petitioner the right to have these claims adjudicated on their merits." (*Id.*) |
| Claim Eight: | "The evidence was insufficient as a matter of law to sustain the convictions for Internet solicitation of a minor and attempted indecent liberties with a minor, as no rational trier of fact could have come to the conclusion that Petitioner was guilty of those offenses, based upon the lack of evidence to support them." (*Id.*) |

Respondent has moved to dismiss on the grounds that Claims Five, Six, and Eight are procedurally defaulted and that Claims One, Two, Three, and Four lack merit. (Mem. Supp. Mot. Dismiss 3–19, ECF No. 8.) Respondent contends, and the Court agrees, that Claim Seven is not an independent claim for relief, but rather sets forth Souvanaratana's assertion of actual innocence in an attempt to excuse his procedural default of Claims Five, Six, and Eight. (*Id.* at 3 n.1.) For the following reasons, it is RECOMMENDED that Souvanaratana's claims be DENIED as lacking in merit.

### B. Applicable Constraints Upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

4

further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

C.  **Factual Basis for Plea and Guilty Plea Proceedings**

Before the Circuit Court accepted Souvanaratana's pleas of guilty, the Circuit Court conducted a plea colloquy to ensure that his pleas were knowingly, freely, and voluntarily entered into. During the guilty plea hearing, Souvanaratana agreed that he had "communicate[d] well" with his attorney and that counsel "[knew] everything that [Souvanaratana knew] about these two charges of Internet solicitation and attempted indecent liberties." (Nov. 4, 2009 Tr. 4.) Souvanaratana agreed that he had discussed his guilty pleas with his attorney, and that he was pleading guilty because he was in fact guilty. (Nov. 4, 2009 Tr. 4.) When asked, Souvanaratana denied that anyone had threatened or coerced him to plead guilty. (Nov. 4, 2009 Tr. 4–5.) Souvanaratana stated that he understood that the maximum punishment for Internet solicitation

5

was ten years and the maximum punishment for attempted indecent liberties was five years. (Nov. 4, 2009 Tr. 5.) Souvanaratana agreed that he understood that by pleading guilty he gave up his rights to a jury trial, to confront witnesses, to remain silent, and to appeal. (Nov. 4, 2009 Tr. 5.) Finally, Souvanaratana agreed that he was "satisfied with [his] lawyer's services." (Nov. 4, 2009 Tr. 6.)

The Circuit Court then asked Souvanaratana what his plea was. (Nov. 4, 2009 Tr. 6.) Souvanaratana replied "[g]uilty" for both charges. (Nov. 4, 2009 Tr. 6.) The Circuit Court noted that Souvanaratana's "pleas were made freely and voluntarily with an understanding of their nature and their consequences." (Nov. 4, 2009 Tr. 6.)

As a factual basis for the plea, the Commonwealth explained:

> Judge, the evidence in these cases are that on January 23rd of 2009, the defendant placed an ad on craigslist.com. the subject line of the ad announced, quote, Need high school females, $100 an hour, unquote. The body of the ad explained, quote, Looking to perform for a nonpro. Just sit back and watch while I play with it. If interested, please send a pic. Unquote.
> Detective Sloan, a member of the Internet Crimes Against Children Task Force, was conducting an on-line investigation on January 23rd of 2009 from the designated Internet undercover office in Arlington. He came across the defendant's ad and responded to it, identifying himself as a high school student in need of money. The two exchanged several e-mails via computer over the next hour and a half.
> Detective Sloan further identified himself as a 14-year-old girl named Jess. He sent the defendant a picture of a former Arlington police officer when she was 14. The defendant then explained that he would pay Jess $100 to watch him masturbate while the two sat in his car. Jess agreed and they decided that they would meet the next day.
> Jess and the defendant exchanged text messages on January 24th of 2009 to arrange their meeting place for that afternoon. The defendant arrived at the appointed place and time and was arrested. During a search of his car, the police found the cell phone from which the text messages had been sent to Jess. They also found directions to the meeting place and several $100 bills.

(Nov. 4, 2009 Tr. 6–8.) When asked, Souvanaratana's attorney agreed that his investigation corroborated the Commonwealth's evidence. (Nov. 4, 2009 Tr. 8.) The Circuit Court then

6

pronounced Souvanaratana guilty in both cases based upon his pleas of guilty and the proffered evidence. (Nov. 4, 2009 Tr. 8.)

### D.     Ineffective Assistance of Counsel

#### 1.     Applicable Law

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Any assertion by Souvanaratana that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not

7

pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70. In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Thus, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citations omitted).

### 2. Claims Souvanaratana Raised in State Court

In Claim One, Souvanaratana alleges that counsel "failed to have sufficient contacts with Petitioner prior to his plea hearing." (§ 2254 Pet. 24.) In Claim Two, he contends that counsel "failed to inform Petitioner of his rights during the trial proceedings, and the consequences of his guilty plea." (*Id.*) In Claim Three, Souvanaratana claims that counsel "failed to conduct an adequate pre-trial investigation." (*Id.*) In Claim Four, he asserts that counsel "coerced Petitioner's plea of guilty." (*Id.*) In rejecting these claims, the Circuit Court explained their lack of merit as follows:[3]

> The Court finds that the petitioner pled guilty freely, voluntarily and knowingly and was not coerced to plead guilty by his attorney. The Court further finds that petitioner's attorney had sufficient contacts with him before his plea and that the petitioner was fully satisfied with the services of his attorney. The Court further finds that the petitioner was fully aware of his rights and of the consequences of his plea, including his waiver of appeal, when he pled guilty. The Court further finds that the petitioner has not shown that the attorney . . . failed to properly investigate the petitioner's case. The Court further finds that

---

[3] The Circuit Court's reasoning is imputed to the Supreme Court of Virginia, which refused Souvanaratana's appeal without explanation. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

> the petitioner has failed to show that he was prejudiced by any of the alleged acts or omissions of his attorney.
>
> . . . .
>
> Consequently, the Court rules that under the criteria set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the petitioner has not shown that his attorney was ineffective and that, therefore, claim A should be dismissed.

(ECF No. 8-7, at 2.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts in the Circuit Court's rejection of these claims. *See* 28 U.S.C. § 2254(d)(1)–(2).

In Claim One, Souvanaratana alleges that counsel "failed to have sufficient contacts with [him] prior to his plea hearing." (§ 2254 Pet. 24.) He claims that "Petitioner's attorney had virtually no contacts with Petitioner or his family after he was retained by Petitioner's family." (*Id.* at 41.) Souvanaratana appears to suggest that he had no contact with counsel until the November 4, 2009 plea colloquy. The record demonstrates, however, that Souvanaratana signed the plea agreement in the presence of counsel on October 28, 2009, approximately one week prior to the plea colloquy. (ECF No. 8-10, at 4.) Moreover, during the plea colloquy, Souvanaratana stated that he had "communicate[d] well with [his] attorney" and that his attorney "[knew] everything that [Souvanaratana knew] about these two charges of Internet solicitation and attempted indecent liberties." (Nov. 4, 2009 Tr. 4.) Souvanaratana agreed that he had signed the plea agreement "after [he] read it and discussed it thoroughly with [his] attorney." (Nov. 4, 2009 Tr. 5.) Souvanaratana fails to allege how more contact with his attorney would have aided his defense. Souvanaratana also fails to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Because he fails to demonstrate deficiency of counsel or resulting prejudice, it is RECOMMENDED that Claim One be DISMISSED.

9

In Claim Two, Souvanaratana contends that counsel "failed to inform Petitioner of his rights during the trial proceedings, and the consequences of his guilty plea." (§ 2254 Pet. 24.) Specifically, he alleges that counsel never made him aware of "his option to contest the charges at trial." (*Id.* at 43.) This claim is belied by the record. When Souvanaratana signed his plea agreement on October 28, 2009, he agreed that he had reviewed the entire document with counsel. (ECF No. 8-10, at 4.) The plea agreement set forth the following rights that Souvanaratana understood he was waiving by pleading guilty:

> A. The right to a speedy and public trial by a jury of twelve persons who know that I am presumed innocent and all twelve of whom must agree that I am guilty beyond a reasonable doubt and all twelve of whom must agree on a sentence before I could be convicted;
> B. The right to have my attorney help me get ready for trial, help me during the trial, and help me after the trial. I am not, however, giving up my right to have my attorney help me with this plea or any sentencing matters that may come up in the future;
> C. The right to see and hear all witnesses against me and the right to cross-examine those witnesses;
> D. The right to use the power of the Court to force the production of any evidence and the attendance and testimony of any witnesses for me;
> E. The right to require the Commonwealth to prove every material allegation against me beyond a reasonable doubt and to prove my guilt beyond a reasonable doubt;
> F. The right to remain silent and not to take the stand and testify at my trial. I also understand that if I decided not to testify at my trial neither the judge nor the jury could draw any unfavorable conclusion for my decision;
> G. The right to appeal to other courts the decision of the trial judge if I were convicted.

(*Id.* at 2.) Moreover, during the plea colloquy, Souvanaratana represented that he understood that by pleading guilty, he was waiving his rights to a jury trial, to confront witnesses, to remain silent, and to appeal. (Nov. 4, 2009 Tr. 5.) He also agreed that he had signed the plea agreement after discussing it "thoroughly" with counsel. (Nov. 4, 2009 Tr. 5–6.) Thus, Souvanaratana was clearly aware of his rights and the consequences of his guilty plea. Because Souvanaratana

demonstrates neither deficiency of counsel nor resulting prejudice, it is RECOMMENDED that Claim Two be DISMISSED.

In Claim Three, Souvanaratana alleges that counsel "failed to conduct an adequate pre-trial investigation." (§ 2254 Pet. 24.) According to Souvanaratana, counsel had in his possession a copy of the Craigslist.org advertisement placed by Souvanaratana as well as copies of the emails exchanged between Souvanaratana and "Jess." (*Id.* at 45.) He contends that counsel failed to use this evidence to "develop a legitimate defense." (*Id.*) Souvanaratana has submitted copies of these documents in support of his claim. (*Id.* Exs. B & C, ECF Nos. 1–2 and 1–3.)

Souvanaratana fails to identify what an adequate investigation of this evidence would have revealed. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." (citing *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990))). The Craigslist.org advertisement stated: "looking to perform for a nonpro just sit back and watch while I play with it if interested please send a pic[.] must be 18." (§ 2254 Pet. Ex. B, ECF No. 1–2, at 1.) Souvanaratana has also provided a copy of the emails he exchanged with "Jess" between 10:53 p.m. and 11:28 p.m. on Friday, January 23, 2009. (*Id.* Ex. C, ECF No. 1–3, at 1–2.) However, the record establishes that Souvanaratana emailed "Jess" for an hour and a half, and that during that time, "Jess" identified herself as a 14-year-old girl, and Souvanaratana continued to communicate with her. (Nov. 4, 2009 Tr. 7; *see* Jan. 22, 2010 Tr. 26–27, 29.) Souvanaratana fails to describe what more counsel should have done with these documents, given that their substance was communicated to the Circuit Court during Souvanaratana's plea colloquy. Moreover, given the overwhelming evidence of his guilt,

11

Souvanaratana cannot demonstrate prejudice. Accordingly, it is RECOMMENDED that Claim Three be DISMISSED.

In Claim Four, Souvanaratana contends that counsel was ineffective because he "coerced Petitioner's plea of guilty." (§ 2254 Pet. 24.) He alleges that "counsel threatened to withdrawal [sic] from Petitioner's case if Petitioner did not accept the plea agreement that was offered to him, and that Petitioner would thus be 'on [his] own' if he did not plead guilty." (*Id.* at 47 (alteration in original).) This claim is belied by the record. By signing the plea agreement, Souvanaratana agreed that "[n]o one in the Commonwealth Attorney's office, nor any police officer, nor any employee of the state or county, nor my attorney, nor anyone else, has in any manner threatened or forced me to enter this plea of guilty . . . ." (ECF No. 8–10, at 3.) During the plea colloquy, Souvanaratana swore that he was entering his guilty plea because he was indeed guilty. (Nov. 4, 2009 Tr. 4.) He also stated that no one had threatened, promised, or coerced him to plead guilty. (Nov. 4, 2009 Tr. 4–5.) While Souvanaratana contends that he only answered affirmatively to the Circuit Court's questions because counsel told him that he had to (§ 2254 Pet. Ex. A, ECF No. 1-1, at 2), this statement is belied by his statements under oath. Because the record establishes that Souvanaratana knowingly and voluntarily entered his guilty plea, it is RECOMMENDED that Claim Four be DISMISSED.

### 3. Claims Not Raised in State Court

In Claim Five, Souvanaratana argues that counsel was ineffective for "fail[ing] to present Petitioner's Craigslist.org advertisement, e-mails, and car impound form (Exhibits B, C, and D) to the trial court during the trial proceedings." (§ 2254 Pet. 24.) In Claim Six, Souvanaratana alleges that counsel was ineffective for "fail[ing] to object to the prosecution's version of events proffered to the trial court at the plea colloquy." (*Id.*) Respondent argues that these claims are

defaulted because Souvanaratana failed to raise them in state court. (Mem. Supp. Mot. Dismiss 3–9.) Respondent also argues that *Martinez v. Ryan*, 566 U.S. 1 (2012), does not apply here to excuse Souvanaratana's default. (Mem. Supp. Mot. Dismiss 7–9.) Nevertheless, because Souvanaratana had no counsel at his "initial-review collateral proceeding," *Martinez*, 566 U.S. at 16, and because his claims clearly lack merit, the Court turns to the merits of Claims Five and Six.

In Claim Five, Souvanaratana contends that counsel "failed to present Petitioner's Craigslist.org advertisement, e-mails, and car impound form (Exhibits B, C, and D) to the trial court during the trial proceedings." (§ 2254 Pet. 24.) Souvanaratana's challenge regarding the Craigslist.org advertisement and e-mails is identical to Claim Three, which the Court has already determined lacks merit. With respect to the impound form, Souvanaratana argues that it "displays that Petitioner was not arrested anywhere near the location where he and the respondee had previously agreed to meet." (*Id.* at 51.) He admits that he is unsure whether counsel even had a copy of this form. (*Id.*) Nevertheless, even if Souvanaratana was arrested away from the location where he had agreed to meet "Jess," the location of his arrest is irrelevant to his guilt. Souvanaratana admitted that he had solicited "Jess" online and agreed to pay her $100.00 to watch him masturbate while they sat in his car. (Nov. 4, 2009 Tr. 7.) Any challenge to his guilt using the car impound form would have been meritless, and counsel cannot be faulted for failing to raise a meritless claim. *See United States v. Moore*, 934 F. Supp. 724, 731 (E.D. Va. 1996). Because Souvanaratana has failed to demonstrate any deficiency of counsel or resulting prejudice, it is RECOMMENDED that Claim Five be DISMISSED.

In Claim Six, Souvanaratana argues that counsel "failed to object to the prosecution's version of events proffered to the trial court at the plea colloquy." (§ 2254 Pet. 24.) Souvanaratana states:

> During the plea colloquy, the prosecutor advised the court that Petitioner drove to the place where he and the respondee to his online advertisement had previously agreed to meet (the Starbucks coffee shop at 2441 North Harrison St.), and that upon his arrival at that location, Petitioner was apprehended by the police . . . . However, the Arlington County Police impound form . . ., which displays the exact location where Petitioner was arrested, show[s] that he was in fact apprehended at North 21st and Greenbrier Street. This location is approximately 3.3 miles from the Starbucks coffee shop. . . .

(*Id.* at 53.) Souvanaratana argues that, "as counsel failed to object to and correct the prosecutor's contention that Petitioner arrived at the agreed-upon meeting place and was arrested, the trier of fact retired with the belief that counsel did not disagree with the prosecutor's contentions, but rather, accepted them as true." (*Id.* at 55.) Claim Six is substantially similar to Claim Five, wherein Souvanaratana challenged counsel's failure to introduce the impound form. Again, the location of Souvanaratana's arrest was irrelevant to his guilt, and counsel cannot be faulted for failing to raise a meritless claim. *See United States v. Moore*, 934 F. Supp. 724, 731 (E.D. Va. 1996). Because Souvanaratana has failed to demonstrate any deficiency of counsel or resulting prejudice, it is RECOMMENDED that Claim Six be DISMISSED.

E.     **Sufficiency of the Evidence Claim**

In Claim Eight, Souvanaratana contends that "[t]he evidence was insufficient as a matter of law to sustain the convictions for Internet solicitation of a minor and attempted indecent liberties with a minor." (§ 2254 Pet. 24.) Souvanaratana argues that "[t]he only evidence adduced [at the plea colloquy] consisted of the statements made by the prosecutor during the plea colloquy, to which Petitioner's counsel made no objection. No evidence of any kind was adduced in the trial court proceedings." (*Id.* at 59–60.) However, "a guilty plea constitutes a

waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." *United States v. Martinez*, 424 F. App'x 208, 209 (4th Cir. 2011) (quoting *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993)); *Peyton v. King*, 169 S.E.2d 569, 571 (Va. 1969). By pleading guilty, Souvanaratana waived his right to contest the sufficiency of the evidence. Accordingly, it is RECOMMENDED that Claim Eight be DISMISSED.[4]

### F. Claim of Actual Innocence

In Claim Seven, Souvanaratana asserts: "Fundamental miscarriage of justice ('gateway claim') where constitutional violations have resulted in Petitioner being convicted of charges for which he is actually innocent." (§ 2254 Pet. 24.) He contends that his actual innocence excuses his procedural default of Claims Five, Six, and Eight. (*Id.*) As discussed below, Souvanaratana's claim of actual innocence clearly lacks merit.

"Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at

---

[4] As noted above, in Claim Seven, Souvanaratana raises a "gateway" claim of actual innocence to excuse his procedural default of, *inter alia*, Claim Eight. While Claim Eight is procedurally defaulted because Souvanaratana did not raise it on direct appeal or in his state habeas petition, the Court also concludes that it is readily dismissed for lack of merit.

trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, actual innocence means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

In support of his actual innocence claim, Souvanaratana relies upon the copy of the Craigslist.org advertisement he placed, the copies of the emails he exchanged with "Jess," and the car impound form. (*See* § 2254 Pet. Exs. B & C.) Souvanaratana asserts:

> The advertisement which Petitioner placed online shows that he was *only* trying to contact individuals who were at least eighteen years old. (See Exhibit B). The e-mails exchanged between Petitioner and the respondee to the ad contain no mention of how old the respondee supposedly was. (see Exhibit C). At no time did Petitioner believe that the respondee was less than eighteen years old. Petitioner never drove close to the location where he and the respondee agreed to meet, after failing to arrive at the Starbucks at the agreed-upon time. Petitioner's Exhibit B, C, and possibly D were at counsel's disposal during the trial court proceedings.

(§ 2254 Pet. 57.)

Souvanaratana fails to offer any new, reliable evidence to support his gateway actual innocence claim. "Some circuits require the petitioner to present 'newly discovered' evidence as opposed to evidence that is merely 'newly presented.'" *Lee v. Johnson*, No. 2:10cv122, 2010 WL 3937334, at *5 n.9 (E.D. Va. July 28, 2010); *see Royal v. Taylor*, 188 F.3d 239, 244 (4th

16

Cir. 1999) (noting that to demonstrate actual innocence, a petitioner must produce new evidence that was not available at the time of trial). However, "[t]he distinction between 'newly discovered' and 'newly presented' evidence has heightened significance when little to no evidence was presented initially during the criminal proceedings because the defendant entered a guilty plea . . . ." *Williams v. Muse*, No. 3:09CV769, 2014 WL 2921932, at *6 n.5 (E.D. Va. June 27, 2014). Here, the exhibits submitted by Souvanaratana are neither newly discovered nor newly presented, as they existed at the time of Souvanaratana's guilty plea and—as Souvanaratana admits—were available for presentation by the defense at that time. Moreover, as the Court has already discussed, Souvanaratana fails to explain, and the Court fails to discern, how these exhibits establish his innocence. Thus, Souvanaratana's gateway claim of actual innocence lacks merit. Moreover, because Souvanaratana fails to meet the standard for a gateway claim of actual innocence, he clearly cannot meet the standard for a freestanding claim of actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 429 (1993) (White, J., concurring) (noting that petitioner "would at the very least be required to show that based on proffered newly discovered evidence and the entire record before the jury that convicted him, 'no rational trier of fact could [find] proof of guilt beyond a reasonable doubt'" (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979))); *see also Hazel v. United States*, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (acknowledging the suggestion that the standard set forth in *Jackson* would apply to freestanding claims of actual innocence). Accordingly, it is RECOMMENDED that Claim Seven be DISMISSED.

### G.  Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 7) and DISMISS Souvanaratana's claims. It is further RECOMMENDED that both Souvanaratana's § 2254 Petition and the action be DISMISSED.

Souvanaratana is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Souvanaratana and counsel of record.

/s/
Roderick C. Young
United States Magistrate Judge

Date: July 21, 2017
Richmond, Virginia